UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARAY TAQWAIN MORRIS,<br><br>Petitioner,<br><br>v.<br><br>JAMES ROBERTSON, ET AL.,<br><br>Respondents. | CASE NO. CV 19-0690-SVW (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

In April 2001, Petitioner was found guilty in Los Angeles County Superior Court of first degree murder and attempted robbery. (Petition at 2; *Morris v. Lamarque*, CV 03-4093-GHK (Mc), March 30, 2004 Report and Recommendation ("2004 Report") at 1.) He was subsequently sentenced to 25 years to life plus an additional life sentence without the possibility of parole. (Petition at 1; 2004 Report at 2.) The Superior Court also imposed restitution. In January 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the state courts' failure to reduce the amount of restitution. (Petition at 6-10[1].) For the following reasons, the Petition is dismissed with prejudice.

---

[1] The Court refers to the page numbers generated by the electronic docketing system.

1 | The Court has a duty to screen habeas corpus petitions before
2 | ordering service on a respondent. *See Mayle v. Felix,* 545 U.S. 644,
3 | 656 (2005). In doing so, if it plainly appears from the face of a
4 | petition that a petitioner is not entitled to relief, the Court can
5 | dismiss the petition at the outset. *See* Rule 4, Rules Governing
6 | § 2254 Cases; *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Petitioner complains that the Superior Court failed to hold a hearing regarding his claim that his restitution was excessive and failed to consider his inability to pay when calculating the amount. (Petition at 6-8.) He also contends that the imposition of restitution constituted an unauthorized sentence and violated various provisions of the federal Constitution. (Petition at 9-10.)

Petitioner's claims are not cognizable because they relate solely to restitution, over which the Court does not have habeas jurisdiction. *See Bailey v. Hill*, 599 F.3d 976, 982 (9th Cir. 2010) (holding federal court has no jurisdiction "over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."). Because Petitioner alleges only that the restitution order, rather than his custody, violates federal law, his Petition is subject to dismissal with prejudice at this juncture. *See id.* at 980-81 (explaining challenge to restitution order does not call into question lawfulness of conviction or confinement and therefore is not cognizable).[2] Moreover, because it is clear that no amount of tinkering with the Petition could change the fact that the Court does

---

[2] Petitioner previously challenged the lawfulness of his conviction and sentence in a 2003 habeas petition, which the Court denied on the merits in May 2004. *See Morris v. Lamarque*, CV 03-4093-GHK (Mc), May 13, 2004 Judgment.

2

not have jurisdiction to consider his claims, the Petition is dismissed with prejudice.

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling, Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: April 11, 2019.

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\patriciagomez\AppData\Local\Temp\notes95E17C\proposed order.wpd

3